UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BREYON WILBERT BROWN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN O'DONNELL<br><br>Respondent. | 4:24-CV-04123-CBK<br><br><br>ORDER |

Petitioner, a prisoner at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' ("BOP") calculation, under the First Step Act, of his earned credits and thus the date he is eligible for release.

Petitioner is attacking the length of his sentence as calculated by the BOP. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992). The BOP has developed detailed procedures and guidelines for calculating sentences, including awarding credit for, *inter alia*, credit under the First Step Act. United States v. Wilson, 503 U.S. at 336, 112 S.Ct. at 1355. "Federal regulations have afforded prisoners administrative review of the computation of their credits and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *Id*. (internal citations omitted). After exhausting administrative remedies, a prisoner seeks judicial review through the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).

Pursuant to 28 U.S.C. § 2243, when a petition for a writ of habeas corpus is filed, the "judge entertaining an application . . . shall forthwith award the writ, or issue an order directing the respondent to show cause why the writ should not be granted, *unless it*

*appears from the application that the application or person detained is not entitled thereto.*" (Emphasis supplied.) Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply Rule 4 of those rules to a section 2241 action. Pursuant to Rule 4, and consistent with § 2243, the Judge assigned to a petition must examine the petition and any attachments to determine whether it plainly appears that petitioner is not entitled to relief. If the petition is not dismissed on that basis, the Court must order the respondent to file an answer.

I have conducted an initial consideration of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

## BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute methamphetamine and money laundering. He was sentenced on November 27, 2018, in the Eastern District of Missouri, 1:16-cr-00082-SNLJ-3, to 144 months imprisonment on each count to be served concurrently. The BOP has calculated petitioner's scheduled release date as May 18, 2026. https://www.bop.gov/inmateloc, visited July 5, 2024. Petitioner contends that he is entitled to immediate transfer to prerelease custody.

## DECISION

On December 21, 2018, Congress enacted the First Step Act of 2018, which, *inter alia*, added subchapter D to Chapter 29 of title 18, United States Code. Pub. L. 115-391, Sec. 101, 132 Stat. 5194. The Attorney General, together with the BOP, the Director of the Administrative Office of the United States Courts, the Director of the Office of Probation and Pretrial Services, the Director of the National Institute of Justice, the Director of the National Institute of Corrections, and the Independent Review Committee authorized by the First Step Act of 2018, shall develop an evidence-based recidivism reduction program. Congress directed that the "System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs," including earning time credits for participating in such programs. PL 115-391, Sec. 3632, 132 Stat. December 21, 2018, 132 Stat 5198 codified at 18 U.S.C. § 3632. Such time credits earned "shall be applied toward time in prelease

2

custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). The BOP administers such credits, which the BOP now refers to as "FSA Time Credits" or "FTC," pursuant to the Federal Bureau of Prisons Program Statement 5410.01.

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009). The Bureau of Prisons administrative remedy provisions are set forth at 28 C.F.R. Part 542. Pursuant to § 542.13, "an inmate shall first present an issue of concern informally to staff." An inmate who is not satisfied with the Warden's response may submit an appeal to the appropriate Regional Director and thereafter may appeal to the General Counsel. 28 C.F.R. § 542.15. However, "formal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision." 28 C.F.R. § 542.14(d)(5). The BOP has developed policies consistent with these provisions pursuant to Program Statement 1330.18 Administrative Remedy Program (last updated January 6, 2014).

Petitioner states in the petition that he presented a request for home confinement to the warden. He states that, on June 25, 2024, the warden responded that his placement at a residential re-entry center is to commence on October 16, 2024. Petitioner provided no information showing that he had appealed that determination any further. He contends in the petition that he is entitled to immediate transfer to prerelease custody because he has 930 earned time credits under the First Step Act. He specifically indicated in the petition that he did not present the claim that he has credits entitling him to immediate placement in any appeals that were available to him.

Exhaustion of administrative remedies promotes "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration, and (4) judicial efficiency from the settlement of disputes at the prison level." Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). In this case, the benefits from exhaustion are substantial. There is

3

no reference in the petition as to why the BOP's calculation of petitioner's release date differs from petitioner's claim that he has earned enough credits for release.

## ORDER

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust the Bureau of Prison's administrative remedies.

DATED this 5th day of July, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4